UNITED STATES of America

v.

Clarence ROBINSON, Jr.

Crim. A. No. 1:93–CR–5–1.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 19, 1993.

David H. Henderson, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

Martin Regan, Jr., New Orleans, LA, for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

After a mistrial and jury selection, but before the onset of a second trial, the government notified defendant of its intention to introduce certain custodial statements made by the defendant shortly after his arrest for possession of illegal narcotics. The defendant has moved to suppress the statements.

Having conducted a hearing on the matter, the court finds that the statements are admissible.

On June 5, 1992, at about 4:10 p.m., on Interstate 10, Jefferson County Patrol Officers John Martin and Peter Mascunis pulled the defendant's vehicle over for following too closely, failure to drive in a single lane, and failure to wear a seatbelt. A search of the car, not challenged by the defendant as unlawful and not at issue here, resulted in a decision to arrest the defendant and the two other occupants of the automobile. During the arrest, the defendant stated that he did not want to go to jail and ran from the scene. He was pursued on foot by Officer Mascunis, who arrested him, read him his rights, and, in the company of Officer Martin, transported him to the Jefferson County Courthouse jail.

According to the officers, the defendant was brought to an empty patrolman's office for questioning regarding the origin of the cocaine found in the car. Officer Martin testified that he Mirandized the defendant and that the defendant acknowledged he understood his rights. Almost immediately afterwards, the defendant volunteered to provide the officers with information concerning another drug-run in return for his release. Despite Officer Martin's protest that they had no authority to do this, Robinson told the officers that he had been paid by people in Houston to transport the drugs found in his car to Baton Rouge, and that they were on the road at that moment, about an hour behind him, in a red truck containing eighteen packages of cocaine. Officer Mascunis testified that he refused to make a written statement.

According to the defendant, who took the stand for the limited purpose of this hearing, he was placed in a holding cell with one of the occupants of the car upon his arrival at the jail and had no other contact with the arresting officers other than to see them leave and return later. He testified that he was booked and fingerprinted, and that he saw an F.B.I. agent show his credentials to some other officers.

In an effort to cast doubt on both officers' testimony *in toto*, the defendant makes much of the fact that the officers did not record the defendant's statements in their report a day later, and that they immediately left the jail to establish surveillance of Interstate 10 without notifying any other law enforcement personnel already on the road of their tip concerning the red truck.

The officers testified that they were in a hurry to leave in order to interdict the red truck, but that they were reluctant to tie up other personnel in what could very well turn out to be (and was in fact) a red herring; and that they did not later include the defendant's statements in their report because they viewed this as a state-court case in which such oral statements are not admissible absent contemporaneous recordation. (The court expresses no opinion as to whether the officers are correct in their assessment of Texas law.)

Having observed the demeanor of the witnesses and considered the testimony in its totality, the court finds the officers' reasons for their actions understandable and credible. The defendant's testimony, that he saw the officers leave and then return, corroborates the officers' testimony that they left almost immediately and returned later; and his uncontested desire at arrest to avoid going to jail tends to substantiate the officers' testimony that he attempted to make a deal in return for his release.

Furthermore, nothing was offered to indicate that the defendant's custodial statements constituted anything but a knowing and voluntary waiver of his rights under *Miranda* as attested to by the officers. *See North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979) (waiver need not be express). Consequently, the defendant's motion to suppress is DENIED.